# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:05CV2345SNL |
| VANESSA BOYDSTON, ET. AL., | ) ) ) |
| Defendants. | ) |

## ORDER

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et. al., 146 F.3d. 538, 546 (8th Cir. 1998); Edgington v. Mo. Department of Corrections, 52 F.3d. 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, *supra*.; Natchigall v. Class, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. See McCall v. Benson, 114 F.3d 754 (8th Cir. 1997); Stevens, *supra,;* Edgington, *supra*.; Natchigall, at 1080-81; Johnson v. Williams, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986). In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward

questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#12) is **DENIED** without prejudice at this time.

Dated this 15th day of May, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE